**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-03-00317-002-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Murphy Begay, | |
| Defendant. | |

Before the Court is "Defendant's Motion for Relief from a Final Judgment" (Doc. 127), the Government's "Motion to Require a Restitution Payment from Defendant's Inmate Trust Account and Response to Defendant's Motion for Relief from Final Judgment" (Doc. 132), and Defendant's "Motion/Response to the United States Attorneys Moton to Encumber the Defendant's Account Funds Pursuant to a 2004 Restitution Judgment" (Doc. 134).

Defendant was sentenced to 50 months of incarceration for assault with a dangerous weapon. (Doc. 74.) As part of the March 8, 2004 judgment ("Judgment"), Defendant was ordered to pay $9,011.85 in restitution jointly and severally with the codefendants, and a $100.00 special assessment. (*Id*.) The Judgment included criminal monetary penalties that were ordered "due immediately or in regular monthly installments" with payments while incarcerated through the Inmate Financial Responsibility Program. Upon release, Defendant was ordered to pay $250 per month and any remaining balance "shall be paid

within 90 days prior to the expiration of supervision." (*Id*.)

Although Defendant was released from confinement after serving his sentence, he has not satisfied the Judgment. In July 2019, he was sentenced to a life term in prison for a new, different offense. The Government seeks to recover proceeds in Defendant's Inmate Account to go toward the Judgment. Defendant opposes the release of the funds, arguing that he completed his supervised release in the 2004 matter and that he is imprisoned for another unrelated crime. The sentence for which he is incarcerated did not include a term of restitution.

The Judgment did not expire by the passage of time or by the conviction of a new offense or by the death of the victim to whom the restitution judgment was awarded. Pursuant to 18 U.S.C. § 3613(b), the restitution judgment is valid for twenty years from entry of judgment or after release, whichever is later. The Judgment has not expired.

The Government can employ any number of methods of federal and state procedures and remedies to enforce criminal monetary penalties. 18 U.S.C. §§ 3613(a) and (f); 18 U.S.C. § 3664(m)(1)(A). An order of restitution may be enforced in a manner similar to the enforcement of a fine and by all other available and reasonable means. *See* 18 U.S.C. §§ 3613(f), 3664(m)(1)(A).

Upon entry of judgment imposing restitution, a lien arises on all property and rights to property of the person hit with criminal monetary penalties. 18 U.S.C. § 3613(c). Included in those means of recovery is the right to go after all property or rights to property of the person fined. 18 U.S.C. § 3613(a)(1) (citing 26 U.S.C. § 6334(a)(1–8, 10, 12)). For recovery of restitution, cash is not exempt from enforcement. *Id.*

In summary, the Judgment remains valid, and the Government may enforce it by collecting the funds in Defendant's Inmate Account.

**IT IS ORDERED** that Defendant's "Motion for Relief from a Final Judgment" (Doc. 127) is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's "Motion to Require a Restitution Payment from Defendant's Inmate Trust Account" (Doc. 132) is **GRANTED**.

1    **IT IS FURTHER ORDERED** that the Bureau of Prisons shall release the funds contained in the Defendant's Inmate Account to the Clerk of the Court to be applied to Defendant's outstanding restitution judgment.

Dated this 16th day of March, 2022.

Douglas L. Rayes
United States District Judge